# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2011

No. 10-40433
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOUIS SIMPSON,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-123-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Louis Simpson appeals his conviction and sentence for seven counts of wire fraud and two counts of aggravated identity theft. Simpson was sentenced to a total term of imprisonment of 183 months, consisting of 135 months on counts one through seven to run concurrently with each other and 24 months on counts eight and nine to run consecutively to each other and all counts. Simpson was also sentenced to three years of supervised release on counts one through seven and one year of supervised release on counts eight and nine, all to run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrently with each other. In addition, he was ordered to pay $1,005,136.18 in restitution.

Simpson has failed to demonstrate there was a "sufficient evidentiary foundation" for his requested jury instruction on puffery. *United States v. Giraldi*, 86 F.3d 1368, 1376 (5th Cir. 1996). Further, Simpson's closing argument, combined with the district court's instructions regarding the elements of the offense, sufficiently placed the issue of puffery before the jury. *See United States v. Laury*, 49 F.3d 145, 152 (5th Cir. 1995). Accordingly, he has failed to show that the district court abused its discretion by refusing to give his requested instruction.

He has also failed to show that the district court abused its discretion by ordering him to pay $1,005,136.18 in restitution. *See United States v. Mann*, 493 F.3d 484, 498 (5th Cir. 2007).

Simpson has filed various pro se motions. The motions are denied because they are either barred by the proscription against hybrid representation, *see United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999), or are untimely, *see United States v. Sierra*, 186 F. App'x 461, 462 (5th Cir. 2006); *United States v. Cockerham*, 396 F. App'x 66, 68 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2888 (2011); Fed. R. App. P. 27(b), (c), 40(a)(1); 5th Cir. R. 27.1, 27.2.

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.